IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                               CR No. 04-1677 JB

DONOVAN JONES NEHA and
DION LAMY,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant Donovan Jones Neha's Emergency Motion to Compel Production of Grand Jury Transcripts, filed March 22, 2005 (Doc. 75). The primary issue is whether there is sufficient evidence of prosecutorial and of grand jury misconduct to justify the production of grand jury transcripts. The Court held a hearing on this motion on March 24, 2005. The Court did not rule on the motion at that time, and took the matter under advisement. Because Defendant Donovan Jones Neha has not presented evidence showing a substantial likelihood of gross misconduct or irregularities, the Court will deny Neha's motion.

## PROCEDURAL BACKGROUND

A federal grand jury charged Neha in the original indictment on August 25, 2004. Neha filed a motion to sever and a motion in limine to exclude evidence of certain objects penetrating the alleged victim's vagina, arguing that the indictment did not charge him in those particular counts and that introduction of that evidence would be prejudicial to him. The grand jury filed a superseding indictment on February 25, 2005.

Neha moves the Court for an order compelling transcripts of grand jury proceedings for the

original and superseding indictment charging him. Neha believes that the United States inappropriately used the grand jury to bolster its case against him. Because of these alleged actions by the United States, Neha plans to file a motion to dismiss the superseding indictment, but will need to view the grand jury transcripts from the original and superseding indictment to do so.

Assistant United States Attorney Stan Whitaker has stated that he will not produce the transcripts. Neha seeks an expedited hearing. Pursuant to the order of the Honorable Alan C. Torgerson, United States Magistrate Judge, the parties must file all motions by March 25, 2005.[1]

## LAW REGARDING GRAND JURY TRANSCRIPTS

In recognition of the grand jury's status as an independent institution, courts afford grand jury proceedings a presumption of regularity. See United States v. Johnson, 319 U.S. 503, 512-13 (1942). "This presumption attaches even after the grand jury has returned an initial indictment. After all, superceding indictments setting forth new charges or adding new defendants are familiar fare." United States v. Flemmi, 245 F.3d 24, 28 (1st Cir. 2001). A "'grand jury proceeding is accorded a presumption of regularity, which generally may be dispelled only upon particularized proof of irregularities in the grand jury process.'" United States v. R. Enters., Inc., 498 U.S. 292, 301 (1991)(quoting United States v. Mechanik, 475 U.S. 66, 75 (1986)(O'Connor, J., concurring)). To be entitled to production, the defendant must show a "particularized need" for the documents that outweighs the public policy of grand jury secrecy. United States v. Warren, 747 F.2d 1339, 1347 (10th Cir. 1984). The particularized need requirement, however, is not satisfied when a party attempts to engage in a fishing expedition in the hopes of discovering useful material. See United

---

[1] The Clerk's Minutes of Arraignment contain a typographical error indicating that the deadline for filing motions is March 15, 2005, instead of March 25, 2005. See Clerk's Minutes of Arraignment at 1, filed March 7, 2005 (Doc. 70).

States v. Kim, 577 F.2d 473, 478 (9th Cir. 1978). "A simple desire for the grand jury transcripts in the unsubstantiated hope that something might turn up is insufficient to require disclosure." United States v. Battle, No. 97-40005-01-04-SAC, 1997 WL 447814, at *18 (D. Kan. June 27, 1997)(unpublished decision).

In Douglas Oil. Co. v. Petrol Stops Northwest, 441 U.S. 211 (1979), the Supreme Court of the United states set forth the standard for reviewing whether grand jury transcripts should be produced:

> Parties seeking grand jury transcripts under Rule 6(e) must show that the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed. Such a showing must be made even when the grand jury whose transcripts are sought has concluded its operations . . . .  For in considering the effects of disclosure on grand jury proceedings, the courts must consider not only the immediate effects upon a particular grand jury, but also the possible effect upon the functioning of future grand juries. . . . [T]he interests in grand jury secrecy, although reduced, are not eliminated merely because the grand jury has ended its activities.

Id. at 222 (footnotes omitted).

"Despite the strong policy of maintaining the secrecy of grand jury proceedings, in certain situations disclosure of grand jury minutes and transcripts is appropriate where justice demands." United States v. Pottorf, 769 F. Supp. 1176, 1180 (D. Kan. 1991). The decision whether the district court should release grand jury transcripts is committed to the district court's sound discretion. See In re Lynde, 922 F.2d 1448, 1451 (10th Cir. 1991).

"The rule is as exacting when the defendant asks for the protected materials in order to challenge the propriety of the grand jury proceedings." United States v. Battle, 1997 WL 447814, at *18. "Before disclosure of the grand jury transcripts, which would corroborate the Defendants'

arguments can be ordered, the Defendants must offer evidence of a 'substantial likelihood of gross or prejudicial irregularities in the conduct of the grand jury.'" United States v. Cannistraro, 800 F. Supp. 30, 50 (D.N.J. 1992)(quoting United States v. Budzanoski, 462 F.2d 443, 454 (3d Cir. 1972)). Mere speculation over what may have occurred is not enough to meet this burden or to overcome the presumption of regularity attached to grand jury proceedings. See United States v. Santoro, 647 F. Supp. 153, 172-73 (E.D.N.Y. 1986).

"Notwithstanding the presumption of regularity, prosecutors do not have carte blanche in grand jury matters. However, a party asserting a claim of grand jury abuse must shoulder a heavy burden. One way to carry this burden is to show that the government used the grand jury principally to prepare pending charges for trial." United States v. Flemmi, 245 F.3d at 28 (citation omitted; citing United States v. Jenkins, 904 F.2d 549, 559 (10th Cir. 1990). The United States may not use the grand jury solely to bolster its case, "although this may be an incidental benefit." United States v. Gibbons, 607 F.2d 1320, 1328 (10th Cir. 1979)("[I]t is improper to use the grand jury for the primary purpose of strengthening the Government's case on a pending indictment or as a substitute for discovery."). "However, where there is another legitimate purpose behind the grand jury investigation, the proceeding would not be improper merely because the Government may derive an incidental benefit." Id. (holding that the defendant did not show an abuse of the grand jury system because he did "not demonstrate[] that [a witness'] testimony before the grand jury was for the sole or dominant purpose of preparing a pending indictment for trial"). Accord United States v. Woods, 544 F.2d 242 (6th Cir. 1976)("[S]o long as it is not the sole or dominant purpose of the grand jury to discover facts relating to (a defendant's) pending indictment, the Court may not interfere with the grand jury's investigation."(quotation omitted)).

These propositions are more simply stated than applied. <u>See</u> <u>United States v. Flemmi</u>, 245 F.3d at 28. In <u>United States v. Flemmi</u>, the United States Court of Appeals for the First Circuit recognized that

> there is a fine line between an improper 'trial preparation' use of a grand jury and a proper 'continuing investigation' use. This fine line is difficult to plot and, in most instances, determining whether a prosecutor has overstepped it will depend on the facts and circumstances of the particular case.
>
> To assist in the inquiry, courts have devised certain proxies. Thus, if a grand jury's continuing indagation results in the indictment of parties not previously charged, the presumption of regularity generally persists. <u>United States v. Gibbons</u>, 607 F.2d 1320, 1328-29 (10th Cir. 1979). So too when the grand jury's investigation leads to the filing of additional charges against previously indicted defendants. <u>In re Grand Jury Proceedings (Johanson)</u>, 632 F.2d 1033, 1041 (3d Cir. 1980). These are purposes befitting the accepted institutional objectives of the grand jury, and their presence bears convincing witness to the propriety of the prosecutor's stewardship. <u>See</u> <u>United States v. Sasso</u>, 59 F.3d 341, 351-52 (2d Cir.1995); <u>In re Maury Santiago</u>, 533 F.2d 727, 730 (1st Cir. 1976); <u>United States v. Dardi</u>, 330 F.2d 316, 336 (2d Cir. 1964).

<u>United States v. Flemmi</u>, 245 F.3d at 28.

## **ANALYSIS**

The United States has indicated that "the defendant seems to simply object to the legal solution to his complaint of not being charged in all counts of the original indictment." Government's Response to Defendant's Motion to Dismiss Certain Counts of the Superseding Indictment at 2, filed March 16, 2005 (Doc. 74). Neha contends that the United States has thus admitted that it sought to supersede based on Neha's motions. <u>See</u> <u>id.</u> This action can have a chilling effect on Neha's exercise of his constitutional rights to a defense and to file motions against the United States in furtherance of that defense. The United States' Response provides some factual basis for Neha's argument that the United States may have misused the grand jury solely to bolster its case against him

and to punish him for motions challenging the original indictment.

Neha therefore does not seek the transcripts in a totally unsubstantiated hope that something might turn up. If the United States has misused the grand jury in the way that Neha suggests, Neha represents that he will seek to dismiss the superseding indictment. Neha has therefore shown a need.

Neha has thus made some showing that the United States may have misused the grand jury to obtain the superseding indictment for the purpose of bolstering its case against Neha. Neha has also made a showing that he needs to obtain the grand jury transcripts to determine certain possible issues in the case: (i) whether the United States used the grand jury for the primary purpose of strengthening its case on the indictment; (ii) if there was an improper prosecutorial purpose for the superseding indictment; (iii) whether the United States used the grand jury principally to supplement its pretrial discovery on the indictment; (iv) whether the United States used the grand jury for the sole and dominant purpose of obtaining additional evidence against Neha; (v) whether the United States had new evidence against Neha to obtain the superseding indictment; (vi) whether there existed prosecutorial vindictiveness; and (vii) whether the use of the grand jury to obtain the superseding indictment was to punish the defendant for filing motions against the government. In addition, Neha will need to obtain the grand jury transcripts to use at trial to cross-examine the case agent regarding the possible lack of new evidence against Neha in charging him with these new crimes.

While Neha has established some need for the transcripts, he has not shown the "particularized need" that the case law requires him to show. He has a theory, but no evidence. His theory is a possibility, but there are other explanations, too. His request for transcripts is a fishing expedition for evidence to support his theory, not to prove it.

Neha has not presented evidence of a "substantial likelihood of gross or prejudicial

irregularities in the conduct of the grand jury." United States v. Cannistraro, 800 F. Supp. at 50-51. While the United States admitted that the superseding indictment is the legal solution to Neha's complaint of not being charged in all counts of the original indictment, the Court cannot say, without more in the record before it, that there is a "substantial likelihood" there was gross and prejudicial irregularities in the prosecutor's conduct and the grand jury's conduct. Neha is thus not entitled to the grand jury transcripts. His need does not outweigh the public policy of grand jury secrecy.

**IT IS ORDERED** that Defendant Donovan Jones Neha's request that the Court order production of the transcripts from the United States of both the original indictment proceedings and the superceding indictment proceedings is denied.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

David Iglesias
    United States Attorney
Stan Whitaker
  Assistant United States Attorney
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

Jason Bowles
B.J. Crow
Sharp & Bowles, P.A.
Albuquerque, New Mexico

    *Attorneys for Defendant Donovan Jones Neha*

John Samore
Albuquerque, New Mexico

    *Attorney for Defendant Dion Lamy*