IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                                                                                                         No. CR 04-1677 JB

DONOVAN JONES NEHA and
DION LAMY,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on Defendant Donovan Jones Neha's Motion to Dismiss Certain Counts of the Superseding Indictment as Multiplicious, filed March 10, 2005 (Doc. 72). The Court held a hearing on this motion on April 20, 2005. The Court took the motion under advisement and did not rule at that time. The primary issue is whether charges brought against Neha in the Superseding Indictment are multiplicious.[1] Consistent with its inclination giving at the hearing, the Court, after reviewing the briefing and the relevant case law, will deny Neha's motion.

**PROCEDURAL BACKGROUND**

On August 25, 2004, a federal grand jury returned a five-count Indictment against Neha, Dion Lamy, and Aaron Cheama. The grand jury charged Neha in Count I of violating 18 U.S.C. §

---

[1] The United States Court of Appeals for the Fourth Circuit has noted: "Various courts, including this one, have spelled multiplicity in its adjective form as 'multiplicious' and 'multiplicitous.' 'Multiplicitous' is apparently the preferred spelling of the term, and 'multiplicious' may be considered obsolete." United States v. Goodine, 400 F.3d 202, 207 n.6 (4th Cir. 2005)(King, J.)(citing Bryan A. Garner, A Modern Dictionary of Legal Usage 576-77 (2d ed.1995)). See Black's Law Dictionary 1036 (7th ed. 1999)(including the spelling "multiplicious" for multiplicity in its adjective form). Cases from the United States Court of Appeals for the Tenth Circuit contain both spellings. The Court will adopt the Fourth Circuit's spelling preference and spell the adjective form of multiplicity as "multiplicious."

2242(2)(B), Sexual Abuse, and 18 U.S.C. § 2, Aiding and Abetting.  The Indictment also charged Neha in Count V with Abusive Sexual Contact in violation of 18 U.S.C. § 2244(a)(2).

On February 25, 2005, a federal grand jury returned a seven-count Superseding Indictment against Lamy and Neha.  Count 1 of the Superseding Indictment contains both Lamy and Neha's name, with Lamy's name appearing before Neha's.  See Superseding Indictment at 1 ("the defendants, **DION LAMY and DONOVAN JONES NEHA** . . .").  Count 1 charges a violation of 18 U.S.C. § 2242(2)(B), Sexual Abuse, and 18 U.S.C. § 2, Aiding and Abetting.  Count 2 is identical to Count 1, except the order of Neha's and Lamy's name is reversed.  See Superseding Indictment at 2 ("the defendants, **DONOVAN JONES NEHA and DION LAMY** . . .").  Similarly, Count 6 contains both Lamy's and Neha's name, with Lamy's before Neha's.  See Superseding Indictment at 3 ("the defendants, **DION LAMY and DONOVAN JONES NEHA** . . .").  Count 6 charges a violation of 8 U.S.C. § 2244(a)(2), Abusive Sexual Contact, and 18 U.S.C. § 2, Aiding and Abetting. Count 7 is identical to Count 6 except that the order of Neha's and Lamy's name is reversed.  See Superseding Indictment at 4 ("the defendants, **DONOVAN JONES NEHA and DION LAMY** . . .").

## LAW ON DOUBLE JEOPARDY AND MULTIPLICIOUS CHARGES

Indictments charging a single offense in multiple counts unfairly expose a defendant to multiple punishment for the same crime and improperly suggest that the defendant has committed more than one crime.  See United States v. Johnson, 130 F.3d 1420, 1424 (10th Cir. 1997). "Multiplici[t]ous counts are improper because they allow multiple punishments for a single criminal offense."  United States v. Wood, 57 F.3d 913, 919 (10th Cir. 1995).  "The key question was whether the crimes charged were inherently continuous or consisted of isolated acts."  Loeblein v.

Dormire, 229 F.3d 724, 727 (8th Cir. 2000)(citing Blockburger v. United States, 284 U.S. 299, 302 (1932))(holding that an indictment charging separate counts for each sexual assault was not multiplicious because each occurrence was a separate act).

## ANALYSIS

Neha urges the Court to direct the United States to elect on which counts it will proceed -- Count 1 or 2, and Count 6 or 7 -- and to dismiss the unelected counts. Neha alleges that Counts 1 and 2, and Counts 6 and 7, charge Neha "with the exact same act at the same time and same location." Defendant Neha's Reply to Government's Response to Defendant's Motion to Dismiss Certain Counts of the Superseding Indictment at 3, filed April 4, 2005 (Doc. 96).

At the hearing, the United States clarified that the Indictment's Counts 1 and 2, and 6 and 7, differed based on the separate acts which occurred. See Transcript of Hearing at 44:13 - 45:9 (taken April 20, 2005);[2] id. at 46:3 - 47:19. The United States explained that there was more than one rape -- Lamy raping the victim and Neha raping the victim. See id. Thus, in Count 1, Lamy is charged as the principal, and Neha as the aider and abettor to Lamy's rape. In Count 2, Neha is charged as the principal for his rape of the victim, and Lamy as the aider and abettor. Similarly, in Count 6, Lamy allegedly perpetrated the abusive sexual contact, while Neha aided and abetted him. Count 7 charges Neha with committing the abusive sexual contact, with Lamy aiding and abetting him. Based on this representation, the Court concludes that the offenses charged in Count 1, 2, 6 and 7 constitute separate acts and are not multiplicious charges for the same offensive conduct.

Neha attempts to distinguish Loeblein v. Dormire, which held that the defendant committed

---

[2] The Court's citations to the transcript of the hearing refer to the Court Reporter's original, unedited version. Any finalized transcript may contain slightly different page and/or line numbers.

two separate acts of sexual assault when he inserted the tip of his penis, removed it, and then reinserted his penis. See 229 F.3d at 727. According to Neha, this case is distinguishable, because the crimes alleged occurred at exactly the same time and at the same location. The Court does not agree with Neha's statement that the crimes alleged occurred at the same time. Although the precise sequence of events are not clearly before the Court at this stage in the proceedings, based on the representation that two separate rapes occurred, one by Lamy, one by Neha, it is unlikely that both rapes occurred at precisely at the same time. Similarly, the United States alleges that both Neha and Lamy committed abusive sexual contact, and aided and abetted the other. As in Loeblein v. Dormire, the acts most likely occurred at separate -- although most likely close -- times. Moreover, in this case, the rapes and abusive sexual contact are alleged to have occurred by two different people -- Lamy and Neha. Thus, they constitute separate offenses. Accordingly, the Indictment is not multiplicious and the Court will deny Neha's motion to dismiss.

**IT IS ORDERED** that Defendant Donovan Neha's Motion to Dismiss Certain Counts of the Superseding Indictment as Multiplicious is denied.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

David Iglesias
  United States Attorney
Fred Smith
Stan Whitaker
  Assistant United States Attorneys
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

Jason Bowles
B.J. Crow
Sharp & Bowles, P.A.
Albuquerque, New Mexico

    *Attorneys for Defendant Donovan Jones Neha*

John Samore
Albuquerque, New Mexico

    *Attorney for Defendant Dion Lamy*