**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

       Plaintiff,

vs.	No. CR 04-1677 JB

DONOVAN JONES NEHA and
DION LAMY,

       Defendants.

**MEMORANDUM OPINION AND ORDER**

      **THIS MATTER** comes before the Court on Defendant Donovan Jones Neha's Motion to Dismiss Superseding Indictment, filed April 18, 2005 (Doc. 109). The Court held a hearing on this motion on April 20, 2005. The Court took the motion under advisement and did not rule at that time. The primary issue is whether the Court should dismiss the Superseding Indictment based on prosecutorial vindictiveness. Consistent with the inclination it stated at the hearing, the Court, after reviewing the briefing and the relevant case law, will deny Neha's motion.

**PROCEDURAL BACKGROUND**

      On August 25, 2004, a federal grand jury returned a five-count Indictment against Neha, Dion Lamy, and Aaron Cheama. The grand jury charged Neha in Count I of violating 18 U.S.C. § 2242(2)(B), Sexual Abuse, and 18 U.S.C. § 2, Aiding and Abetting. The Indictment also charged Neha in Count V with Abusive Sexual Contact in violation of 18 U.S.C. § 2244(a)(2).

      In November 2004, the United States conducted interviews of Daryl Dickson and co-Defendant Aaron Cheama. See Transcript of Hearing at 16:20-25 (taken April 20, 2005)(hereinafter

"Transcript").[1]  The United States represents that these interviews provided more specific information on Neha's involvement in the alleged crime.  See id. at 22:6-8.

On February 7, 2005, Neha filed six pretrial motions, including a Motion in Limine to Exclude Evidence Under Rule 403 of the Federal Rules of Evidence (Doc. 45) and a Motion to Sever (Doc. 49).

On February 25, 2005, a federal grand jury returned a seven-count Superseding Indictment against Lamy and Neha.  The Superseding Indictment charges Neha in Counts 1 and 2 with Aiding and Abetting Lamy's alleged Sexual Abuse in violation of 18 U.S.C. § 2 and Sexual Abuse in violation of 18 U.S.C. § 2242(2)(B).  The Superseding Indictment also charges Neha in Counts 4 and 5 with violating 18 U.S.C. § 113(a)(4), Assault By Striking, Beating or Wounding, and 18 U.S.C. § 2, Aiding and Abetting.  Finally, the Superseding Indictment charges Neha in Counts 6 and 7 for Abusive Sexual Contact, in violation of 18 U.S.C. § 2244(a)(2), and Aiding and Abetting, in violation of 18 U.S.C. § 2.

In its response opposing Neha's motion, the United States stated: "[Neha] seems to simply object to the legal solution to his complaint of not being charged in all counts of the original indictment."  Government's Response to Defendant's Motion to Dismiss Certain Counts of the Superseding Indictment at 2, filed April 19, 2005 (Doc. 112).

### **LAW REGARDING PROSECUTORIAL VINDICTIVENESS**

A prosecutor has broad discretion to initiate and conduct criminal proceedings, see United States v. Armstrong, 517 U.S. 456, 464 (1996), and, as long as there is probable cause that the

---

[1] The Court's citations to the transcript of the hearing refer to the Court Reporter's original, unedited version.  Any finalized transcript may contain slightly different page and/or line numbers.

accused committed an offense, the decision to prosecute rests in the prosecutor's discretion, see United State v. Vallo, 238 F.3d 1242, 1249 (10th Cir. 2001). A prosecutor cannot, however, punish a person simply because "he has done what the law plainly allows him to do . . . ." United States v. Goodwin, 457 U.S. 368, 372 (1982). "When a defendant exercises constitutional or statutory rights in the course of criminal proceedings, the government may not punish him for such exercise without violating due process guaranteed by the federal Constitution." United States v. Raymer, 941 F.2d 1031, 1040 (10th Cir. 1991). The defendant bears the burden of establishing either "(1) 'actual vindictiveness, or (2) a realistic likelihood of vindictiveness which will give rise to a presumption of vindictiveness.'" United States v. Sarracino, 340 F.3d 1148, 1177 (10th Cir. 2003)(quoting United States v. Lampley, 127 F.3d 1231, 1245 (10th Cir.1997)). See United States v. Raymer, 941 F.2d at 1040.

To establish actual vindictiveness, the defendant must demonstrate: "(1) the prosecutor acted with genuine animus toward the defendant and (2) the defendant would not have been prosecuted but for that animus." United States v. Wilson, 262 F.3d 305, 314 (4th Cir. 2001). "To find 'actual vindictiveness requires direct evidence, such as evidence of a statement by the prosecutor, which is available only in a rare case.'" United States v. Johnson, 221 F.3d 83, 94 (2d Cir. 2000)(quoting United States v. Johnson, 171 F.3d 139, 140 (2d Cir.1999))(quotation marks omitted). "'To establish vindictive prosecution, a defendant must show that the prosecutor has some personal "stake" in deterring the defendant's exercise of his constitutional rights, and that the prosecutor's conduct was unreasonable.'" United States v. Wade, 266 F.3d 574, 585 (6th Cir. 2001)(quoting United States v. Wells, 211 F.3d 988, 1001-02 (6th Cir.2000)). Because an actual vindictiveness contention requires objective evidence that the prosecutor's actions were designed to punish the defendant for asserting

his legal rights, such allegations are "exceedingly difficult" to establish. United States v. Gary, 291 F.3d 30, 34 (D.C. Cir. 2002)(quoting Maddox v. Elzie, 238 F.3d 437, 446 (D.C. Cir.2001))(quotation omitted).

The Supreme Court of the United States has held that there was no presumption of vindictiveness when a prosecutor made threats during plea negotiations, see Bordenkircher v. Hayes, 434 U.S. 357, 365 (1978), or when additional charges were filed after the defendant requested a jury trial, see United States v. Goodwin, 457 U.S. at 384. In United States v. Goodwin, the Supreme Court explained:

> There is good reason to be cautious before adopting an inflexible presumption of prosecutorial vindictiveness in a pretrial setting. In the course of preparing a case for trial, the prosecutor may uncover additional information that suggests a basis for further prosecution or he simply may come to realize that information possessed by the State has a broader significance. At this stage of the proceedings, the prosecutor's assessment of the proper extent of prosecution may not have crystallized. . . .
>
> In addition, a defendant before trial is expected to invoke procedural rights that inevitably impose some "burden" on the prosecutor. Defense counsel routinely file pretrial motions to suppress evidence; to challenge the sufficiency and form of an indictment; to plead an affirmative defense; to request psychiatric services; to obtain access to government files; to be tried by jury. It is unrealistic to assume that a prosecutor's probable response to such motions is to seek to penalize and to deter. The invocation of procedural rights is an integral part of the adversary process in which our criminal justice system operates.
>
> \* \* \* \*
> A prosecutor should remain free before trial to exercise the broad discretion entrusted to him to determine the extent of the societal interest in prosecution. An initial decision should not freeze future conduct. As we made clear in Bordenkircher, the initial charges filed by a prosecutor may not reflect the extent to which an individual is legitimately subject to prosecution.

United States v. Goodwin, 457 U.S. at 381-82. The Supreme Court also noted: "To presume that every case is complete at the time an initial charge is filed, however, is to presume that every

prosecutor is infallible--an assumption that would ignore the practical restraints imposed by often limited prosecutorial resources." Id. at 382. The United States Court of Appeals for the Tenth Circuit, however, has rejected the proposition that a presumption of vindictiveness may never arise in a pre-trial setting. See United States v. Doran, 882 F.2d 1511, 1520-21 (10th Cir. 1990)("The lesson of Goodwin is that proof of a prosecutorial decision to increase charges after a defendant has exercised a legal right does not alone give rise to a presumption in the pretrial context."); United States v. Raymer, 941 F.2d at 1040. The Tenth Circuit has held: "In light of the [*United States* v.] *Goodwin* admonition against *per se* rules in the pretrial setting, we conclude that a totality-of-the circumstances approach is particularly appropriate in the post-mistrial setting . . . ." United States v. Doran, 882 F.2d at 1521. The Tenth Circuit has explained that, "in those pretrial settings which are genuinely distinguishable from *Goodwin* and *Bordenkircher*, we look at the totality of the objective circumstances to decide whether a realistic probability of vindictive prosecution exists." United States v. Raymer, 941 F.2d at 1040.

To establish a presumption of vindictiveness, the test is "whether, as a practical matter, there is a realistic or reasonable likelihood of prosecutorial conduct that would not have occurred but for hostility or punitive animus towards the defendant because he exercised his specific legal right." United States v. Raymer, 941 F.2d at 1042 (quotation omitted). If the defendant satisfies this burden, the United States must "justify its prosecutorial decision based on 'legitimate, articulable, objective reasons.'" United States v. Sarracino, 340 F.3d at 1177 (quoting United States v. Raymer, 941 F.2d at 1040)(quotation omitted). If, however, the defendant does not carry its burden of establishing either element, the Court does not need to address the United States' justification for its actions. See id. In United States v. Wood, 36 F.3d 945 (10th Cir. 1994), the Tenth Circuit upheld a finding of

prosecutorial vindictiveness when the decision was "not based on any new evidence or change in circumstances, and it was made soon after Defendant exercised a legal right to the government's advantage." Id. at 947.

## ANALYSIS

Based on the totality of the circumstances, the Court concludes that Neha has not established that "there is a realistic or reasonable likeliness of prosecutorial conduct that would not have occurred but for hostility or punitive animus towards the defendant because he exercised his specific legal right." United States v. Raymer, 941 F.2d at 1042. Moreover, Neha has not offered sufficient evidence to overcome the presumption of regularity that attaches to grand jury proceedings. Accordingly, the Court will deny Neha's Motion to Dismiss the Superceding Indictment.

**I.     NEHA HAS NOT ESTABLISHED A PRESUMPTION OF VINDICTIVENESS.**

At the hearing, Neha conceded that there is no evidence of actual vindictiveness. See Transcript at 14:15 - 15:5. Thus, the analysis is whether Neha offered evidence demonstrating that a reasonable or realistic likelihood of vindictiveness, thereby giving rise to a presumption of vindictiveness. United States v. Sarracino, 340 F.3d at 1177.

Neha offered the following evidence in support of his motion: (i) the United States sought a Superseding Indictment after he filed a motion to sever and a motion in limine; (ii) the interviews in which the United States learned additional information occurred in November 2004; and (iii) the United States' statement contained in its Response to this motion. In regard to the United States' statement in its Response -- "[Neha] seems to simply object to the legal solution to his complaint of not being charged in all counts of the original indictment.") -- Neha contends it should be the construed as an admission by the United States that it improperly went to the grand jury for a

Superseding Indictment because of Neha's pretrial motions. The Court finds, however, that the statement is more properly read that, as a result of now having a Superseding Indictment, Neha's motion to sever and motion to exclude prejudicial evidence were moot. Thus, the United States' statement in its Response does not support Neha's contention that the United States harbored prosecutorial vindictiveness when it sought the Superseding Indictment.

Neha also alleges that the timing of the Superseding Indictment -- on the heels of his pretrial motions and several months after the interviews of Dickson and Cheama -- gives rise to a presumption of vindictiveness. While the United States is not required to provide justifications for its actions until after Neha meets its burden of establishing a presumption of vindictiveness, the United States has presented the Court some justifications. In particular, the United States highlights that it was not until after interviews with Dickson and Cheama that it had the additional information upon which it sought a Superseding Indictment. See Transcript at 21:2 - 22:8. In particular, the interviews revealed more specific information on Neha's role in the alleged offense. See id. at 22:6-8. Neha attempts to rebut this justification by suggesting to the Court that, if the United States sought a Superseding Indictment upon learning new information, it would have done so shortly after the United States obtained the information. Instead, the United States did not seek a Superseding Indictment until after Neha filed his pretrial motions in February 2005.

Based on the totality of the circumstances, however, the Court cannot conclude that the mere timing of the Superseding Indictment is sufficient to establish a presumption of vindictiveness. As the Supreme Court in United States v. Goodwin noted: "It is unrealistic to assume that a prosecutor's probable response to such [pretrial] motions is to seek to penalize and to deter." United States v. Goodwin, 457 U.S. at 381. Timing alone is insufficient to overcome Neha's burden of establishing

a reasonable or realistic likelihood of vindictiveness. See United States v. Doran, 882 F.2d at 1521 ("The lesson of United States v. Goodwin is that proof of a prosecutorial decision to increase charges after a defendant has exercised a legal right does not alone give rise to a presumption in the pretrial context."). Thus, because no presumption of vindictiveness arises, the Court will deny Neha's motion to dismiss the Superseding Indictment based on prosecutorial vindictiveness.

## II. NEHA HAS NOT PROVIDED SUFFICIENT EVIDENCE TO ESTABLISH THAT THE UNITED STATES IMPROPERLY USED THE GRAND JURY PROCESS.

As the Court noted in its Memorandum Opinion and Order, in which it denied Neha's emergency request for production of the grand jury transcripts:

> In recognition of the grand jury's status as an independent institution, courts afford grand jury proceedings a presumption of regularity. See United States v. Johnson, 319 U.S. 503, 512-13 (1942). "This presumption attaches even after the grand jury has returned an initial indictment. After all, superceding indictments setting forth new charges or adding new defendants are familiar fare." United States v. Flemmi, 245 F.3d 24, 28 (1st Cir. 2001).

United States v. Lamy, No. CR 04-1677 JB, Memorandum Opinion and Order at 2, filed March 29, 2005 (Doc. 90). In that opinion, the Court recognized: "The United States' Response provides some factual basis for Neha's argument that the United States may have misused the grand jury solely to bolster its case against him and to punish him for motions challenging the original indictment." Id. at 5. The Court concluded, however, that "Neha has not presented evidence of a 'substantial likelihood of gross or prejudicial irregularities in the conduct of the grand jury.'" Id. at 7 (quoting United States v. Cannistraro, 800 F. Supp. 30, 50-51 (D.N.J. 1992)).

In alleging that the United States improperly used the grand jury process, Neha, in this motion, provides the Court with no additional evidence. Neha has not presented the Court will sufficient evidence to overcome the "presumption of regularity" that attaches to grand jury

proceedings. United States v. Johnson, 319 U.S. at 512-13. Accordingly, the Court will deny Neha's request that the Superseding Indictment be dismissed on the basis of improper use of the grand jury.

**IT IS ORDERED** that Defendant Donovan Neha's Motion to Dismiss the Superseding Indictment is denied.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

David Iglesias
  United States Attorney
Fred Smith
Stan Whitaker
  Assistant United States Attorneys
Albuquerque, New Mexico

> *Attorneys for the Plaintiff*

Jason Bowles
B.J. Crow
Sharp & Bowles, P.A.
Albuquerque, New Mexico

> *Attorneys for Defendant Donovan Jones Neha*

John Samore
Albuquerque, New Mexico

> *Attorney for Defendant Dion Lamy*