# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                               No. CR 04-1677 JB

DONOVAN JONES NEHA and
DION LAMY,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant Donovan Jones Neha's Renewed and Amended Motion to Sever, filed July 28, 2005 (Doc. 151). At the Court's hearing on August 3, 2005, all of the parties indicated that it would be acceptable for the Court to provide a ruling on the motion to sever without a hearing. See Transcript of Hearing at 8:3 - 13 (taken August 3, 2005).[1] The United States does not oppose the motion, but Defendant Dion Lamy does oppose the motion. The primary issue is whether the Court should sever Neha's trial from Lamy's trial. Because Neha has not shown how separate trials will prevent the prejudice that Neha fears from being tried with Lamy in the same proceeding, the Court will deny Neha's motion to sever.

## PROCEDURAL BACKGROUND

On August 25, 2004, a federal grand jury returned a five-count Indictment against Neha, Lamy, and Aaron Cheama. The grand jury charged Neha in Count I of violating 18 U.S.C. § 2242(2)(B), Sexual Abuse, and 18 U.S.C. § 2, Aiding and Abetting. The Indictment also charged

---

[1] The Court's citations to the transcript of the hearing refer to the Court Reporter's original, unedited version. Any finalized transcript may contain slightly different page and/or line numbers.

Neha in Count V with Abusive Sexual Contact in violation of 18 U.S.C. § 2244(a)(2).

On February 7, 2005, Neha filed his first motion to sever under rule 14(a) of the Federal Rules of Criminal Procedure. See Motion to Sever, filed February 7, 2005 (Doc. 49). Neha set forth three grounds for a severance. First, Neha argued that the acts described in Counts I and V constituted a wholly different set of offenses than those charged against Lamy and Cheama in Counts II-IV. See id. at 4. Second, Neha expressed concern that Lamy's pre-trial statements to the police allegedly inculpating Neha, if introduced at trial by the United States, would prejudice Neha's defense. See id. at 4-5. Finally, Neha contended that the sensational details of Counts II-IV would inflame the jury into convicting him of Counts I and V. See id. at 5-6. The United States responded that joinder had been appropriate because Neha had participated in "a common criminal venture" with the other defendants. See Opposition to Motion to Sever at 4-5, filed February 13, 2005 (Doc. 50).

On February 25, 2005, a federal grand jury returned a seven-count Superseding Indictment against Lamy and Neha.[2] The Superseding Indictment charges Neha in Counts 1 and 2 with Aiding and Abetting Lamy's alleged Sexual Abuse in violation of 18 U.S.C. § 2 and Sexual Abuse in violation of 18 U.S.C. § 2242(2)(B). The Superseding Indictment also charges Neha in Counts 4 and 5 with violating 18 U.S.C. § 113(a)(4), Assault By Striking, Beating or Wounding, and 18 U.S.C. § 2, Aiding and Abetting. Finally, the Superseding Indictment charges Neha in Counts 6 and 7 for Abusive Sexual Contact, in violation of 18 U.S.C. § 2244(a)(2), and Aiding and Abetting, in violation of 18 U.S.C. § 2.

Subsequently, the Court denied without prejudice Neha's motion to sever and allowed the United States to produce a redacted version of Lamy's statement. See Order at 1, filed June 20, 2005

---

[2] Cheama plead guilty to Count II of the original indictment on November 18, 2004.

(Doc. 136). The redacted statement would show precisely what statements the United States would attempt to introduce and what statements the United States would not attempt to introduce because of Crawford v. Washington, 541 U.S. 36 (2004), problems. See Transcript of Hearing at 38:21 - 39:20 (taken April 20, 2005). The Court also allowed Neha to renew his motion if either party took issue with the redacted statement. See Order at 1.

Neha filed his Renewed and Amended Motion to Sever on July 28, 2005. Neha argues that the potential use of pre-trial statements by Lamy and by Cheama, along with others who were charged separately, would implicate Neha in violation of his Confrontation Clause rights. See Renewed and Amended Motion to Sever at 4, filed July 28, 2005 (Doc. 151) ("Renewed Motion to Sever"). Also, Neha explains that the lurid details of Lamy's and Cheama's actions on the night in question will unfairly prejudice the jury against him. Id.

The United States filed a response stating that it does not oppose severance. See Amended Response to Renewed Motion to Sever at 1, filed August 3, 2005 (Doc. 155) ("Amended Response"). The United States objects to Neha's motion to sever only to the extent that the motion contends that Neha's actions constituted a separate criminal transaction from the one charged against Lamy. See id. ("The defendant [Neha] participated in the same act or transaction or in the same series of acts or transaction as the other defendants."). Lamy opposes the severance, alleging that the United States' "ostensible concurrence to severance" is "disingenuous" because the United States believes severance is appropriate for reasons that are different from those put forth by Neha.[3] Lamy

---

[3] In his brief, Lamy is unclear whether he opposes the motion. "[Lamy] opposes Mr. Neha's renewed and amended Motion to sever but, because he believes that unbecoming even under extraordinary circumstances for one defendant to argue against another directly, defers to the Court regarding determination of degree of prejudice that might be suffered by Mr. Neha Jones." Lamy Response at 1. At the end of his brief, however, Lamy asks the Court to deny

Response at 1-3, filed August 8, 2005 (Doc. 162). Specifically, Lamy states that the United States still intends to introduce Lamy's statements in a separate trial of Neha. Id. at 1-2.

## LAW REGARDING SEVERANCE UNDER RULE 14(a)

Normally, rule 8(b) allows grand juries to indict defendants together in the same charging instrument "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b). Federal courts prefer that defendants who are indicted together be tried together. See Zafiro v. United States, 506 U.S. 534, 537 (1993)(explaining the "preference in the federal system for joint trials of defendants who are indicted together"). As the Supreme Court of the United States has recognized, joint trials "promote efficiency and 'serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts.'" Id. (citing Richardson v. Marsh, 481 U.S. 200, 210 (1987)).

The Federal Rules envision, however, that circumstances may arise where joint trials would be inappropriate and, indeed, harmful to the accused's constitutional rights. Under rule 14(a), the court may sever the trials of co-defendants when "the joinder of offenses or defendants in an indictment . . . appears to prejudice a defendant or the government." Fed. R. Crim. P. 14(a). See also Zafiro v. United States, 506 U.S. at 538 (applying rule 14 as the standard for a severance); United States v. Cox, 934 F.2d 1114, 1119 (10th Cir. 1991)(same). The decision to sever is "within the sound discretion of the trial court." United States v. Cox, 934 F.2d at 1119 (citing United States v. Valentine, 706 F.2d 282, 289-90 (10th Cir. 1983)). See also United States v. Gant, 487 F.2d 30, 34 (10th Cir. 1973) (noting that whether to sever "is peculiarly within the discretion of the trial

---

Neha's motion to sever. See id. at 3. Giving Lamy the benefit of the doubt, the Court will treat Lamy's response as one lodged in opposition to the motion to sever.

court") (citations omitted).

In exercising its discretion, the court must "weigh the prejudice resulting from a joint trial of co-defendants against the expense and inconvenience of separate trials." United States v. Bailey, 952 F.2d 363, 365 (10th Cir. 1991)(quoting United States v. Cardall, 885 F.2d at 667-68). "Neither a mere allegation that defendant would have a better chance of acquittal in a separate trial, nor a complaint of the 'spillover effect' from the evidence that was overwhelming or more damaging against the co-defendant than that against the moving party is sufficient to warrant severance." Id. (citation omitted). The only instance in which severance is appropriate is when "there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." Zafiro v. United States, 506 U.S. at 539. On a rule 14(a) motion, the defendant bears the "heavy burden" of demonstrating prejudice from continued joinder. United States v. Bailey, 952 F.2d at 365 n.4 (citing United States v. Jones, 707 F.2d 1169, 1171 (10th Cir. 1983), and United States v. Petersen, 611 F.2d 1313, 1331 (10th Cir. 1979)).

## ANALYSIS

Neha has not established the prejudice required for severance under rule 14(a). Neha argues that the introduction of his current and former co-defendants' pre-trial statements will prejudice the jury. Renewed Motion to Sever at 4. Yet the mere fact that a co-defendant's statement, inculpating the defendant, is admitted at trial is not automatically a reason to sever. See United States v. Gant, 487 F.2d at 32, 34 (finding no error in denying a motion to sever even though a co-defendant testified that the defendant had given her cocaine and heroin and forced her to be a prostitute); United States v. Walton, 552 F.2d 1354, 1360 (10th Cir. 1977)(upholding denial of severance even though one of

the co-defendants implicated the defendant on the stand).  Neither is severance justified just because some evidence against a co-defendant may "spillover" into the case against the defendant.  United States v. Bailey, 952 F.2d at 365 (quoting U.S. v. Cardall, 885 F.2d 656, 667-68 (10th Cir. 1989)). Following the trail of this line of cases, the Court should not grant severance solely because the statements of other alleged co-perpetrators, inculpatory to both defendants, will be admitted at trial.

Also, in response to Neha's Renewed Motion, Lamy contends that the possibility of prejudice will evaporate if the Court grants his motion to suppress the pre-trial statements he gave to the authorities.  See Lamy Response at 2.  Hence, in some sense, this motion to sever is still premature. The Court cannot, at this point, say definitely there will be any prejudice from the admission of these statements.

Neha, however, supports his motion to sever by also pointing to the extreme prejudice that may result from introduction of the alleged "highly inflammatory and prejudicial assaults" committed by the other alleged perpetrators.  Renewed Motion to Sever at 4.   In particular, Neha singles out the details of Lamy's alleged activities during the night in question as a trigger that will ignite the animosity of the jury against both defendants.  See id.  Lamy's pre-trial statements paint a potentially gruesome picture; Lamy stated that he attempted to set fire to the victim's pubic hair, inserted carrots into her vagina, raped her, and beat her with a belt. Motion to Sever, Ex. A at 3-4.  Neha argues that these activities, some of which occurred while Neha was allegedly not even in the room, are so sensational that they may overwhelm the jury's ability to separate which facts inculpate Lamy alone as opposed to Lamy and Neha together.  Renewed Motion to Sever at 4-5.

Lamy contends that the United States intends to use the same inflammatory evidence in a separate Neha trial as it would in a joint trial.  Lamy Response at 1-2.  Given that the United States

announces in its response that it "will present evidence at [a separate Neha trial] to show a common criminal venture involving the defendant and the other four men to assault the victim," the United States apparently agrees. Amended Response at 2. Furthermore, the United States does not deny that it intends to use the same evidence in a separate trial of Neha. See generally Amended Response. It is also unclear how the United States can make its case without bringing up the grisliest details of the gang rape. In his motion to sever, Neha fails to address the admissibility of the same pieces of evidence in both trials. See generally Renewed Motion to Sever. If the United States can introduce the same evidence in a separate trial against Neha, granting a severance would not cure any prejudice.

This evidence, crucial to the United States' case against Lamy, can not be cured of prejudice against Neha so long as it is admissible. If admissible in a single trial against Neha, this prejudice would not outweigh the expenditure of judicial resources that two trials will necessitate. A second trial would be a high price to pay without any safeguarding of Neha's trial rights.

Accordingly, the Court should not grant Neha's motion to sever his trial from that of Lamy's until it knows whether the evidence would be admissible in a separate trial. As a result, the Court will agree to deny the motion to sever without prejudice. At this stage, Neha has not met his "heavy burden" of demonstrating prejudice from continued joinder. Neha is free to raise the issue of severance again after it becomes clear what evidence will come in against Lamy and if he can establish that the evidence against Lamy would not come in against Neha if Neha was tried separately. See United States v. Bailey, 952 F.2d at 365 n.4 (recognizing the movant's "heavy burden" on a motion to sever)(citation omitted).

**IT IS ORDERED** that Defendant Donovan Neha's Renewed and Amended Motion to Sever is denied without prejudice.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

David Iglesias
    United States Attorney
Fred Smith
Stan Whitaker
  Assistant United States Attorneys
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

Jason Bowles
B.J. Crow
Sharp & Bowles, P.A.
Albuquerque, New Mexico

    *Attorneys for Defendant Donovan Jones Neha*

John Samore
Albuquerque, New Mexico

    *Attorney for Defendant Dion Lamy*