# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.      No. CR 04-1677 JB

DONOVAN JONES NEHA and
DION LAMY,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant Lamy's Motion for New Trial, filed December 9, 2005 (Doc. 274). The Court held a hearing on this motion on April 11, 2006. The primary issues are: (i) whether the United States introduced sufficient evidence to conclude that Defendant Dion Lamy aided and abetted Defendant Donovan Jones Neha's rape of the victim, placed an object in the victim's vagina, and raped the victim the following morning; (ii) whether the United States introduced sufficient evidence to conclude that the crimes occurred in Indian Country; (iii) whether the testimony of Lasha Peyketewa and Marcus McCaskill concerning Lamy's prior acts warrants a new trial; (iv) whether McCaskill's testimony that Defendant Donovan Jones Neha's statement had been altered warrants a new trial; and (v) whether the Court should reconsider its decisions denying Lamy's motion to suppress and allowing in res gestae evidence. Because the interest of justice does not require a new trial, the Court will deny the motion.

## PROCEDURAL BACKGROUND

On August 25, 2004, a federal grand jury returned a five-count Indictment against Neha, Lamy, and Aaron Cheama. On February 25, 2005, a federal grand jury returned a seven-count

Superseding Indictment against Lamy and Neha.[1]  The Superseding Indictment charged Lamy in Counts I-III of violating 18 U.S.C. § 2242(2)(B), Sexual Abuse, and 18 U.S.C. § 2, Aiding and Abetting.  The grand jury also charged Lamy in Counts IV-V of violating 18 U.S.C. § 113(a)(4), Assault by Striking, Beating, or Wounding, and 18 U.S.C. § 2, Aiding and Abetting.  Finally, the Superseding Indictment charged Lamy in Counts VI-VII of violating 18 U.S.C. § 2244(a)(2), Abusive Sexual Contact, and 18 U.S.C. § 2, Aiding and Abetting.  Only Counts I-III, however, were eventually submitted to the jury at trial.  See Court's Final Jury Instructions (Given) at 18-21, filed December 1, 2005 (Doc. 263).  On December 1, 2005, the jury convicted Lamy on all three counts. See Verdict at 1, filed December 1, 2005 (Doc. 266).

Lamy now moves for a new trial on the grounds that there was insufficient evidence to support a conviction on each count of the Superseding Indictment, that the United States did not establish that the crime occurred in Indian Country, that two witnesses testified to Lamy's prior acts even though the Court had excluded such information, that McCaskill informed the jury that Neha's statement had been altered because of the Court's legal rulings, and that several other of the Court's rulings deserve reconsideration.  See Motion for New Trial at 1-3.  The United States opposes Lamy's motion.  See Response at 1-7, filed December 19, 2005 (Doc. 283).

**LAW REGARDING MOTIONS FOR A NEW TRIAL**

Rule 33(a) of the Federal Rules of Criminal Procedure provides: "Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." "Motions for new trial are disfavored, however, and granted only with great caution." United States v. Mounkes, 204 F.3d 1024, 1027-28 (10th Cir. 2000)(citation omitted).  In its discretion, district

---

[1] Cheama pled guilty to Count II of the original indictment on November 18, 2004.

courts are "free to weigh the evidence and assess witness credibility." United States v. Quintanilla, 193 F.3d 1139, 1146 (10th Cir. 1999)(citation omitted).

## ANALYSIS

Lamy moves for a new trial, pursuant on the grounds that there was insufficient evidence to support a conviction on each count of the Superseding Indictment, that the United States did not establish that the crime occurred in Indian Country, that two witnesses testified to Lamy's prior acts even though the Court had excluded such information, that McCaskill informed the jury that Neha's statement had been altered because of the Court's legal rulings, and that several other of the Court's rulings deserve reconsideration. None of these grounds warrants a new trial.

### I.  THERE WAS SUFFICIENT EVIDENCE TO SUPPORT A CONVICTION ON EACH COUNT.

Lamy contends that there was insufficient evidence on each count of the Superseding Indictment. See Motion for New Trial at 1. For the reasons stated in the Court's Memorandum Opinion and Order, filed June 26, 2006 (Doc. 328), the Court finds that there is sufficient evidence to support the conviction on each count of the Superseding Indictment. The Court has also weighed the evidence and assessed the witnesses' credibility, as the Court may do on motions for a new trial, see United States v. Quintanilla, 193 F.3d at 1146; the Court concludes that the United States' witnesses were credible enough, and the evidence weighty enough, to support a conviction.

### II.  THE UNITED STATES INTRODUCED SUFFICIENT EVIDENCE ON THE INDIAN COUNTRY ELEMENT.

Lamy contends that there was insufficient evidence to prove that the crime occurred in Indian Country. See Motion for New Trial at 1. For the reasons stated in the Court's Memorandum Opinion and Order, filed April 19, 2006 (Doc. 314), the Court finds there is sufficient evidence to

support the Indian Country element on each count. The Court also concludes that the United States' witnesses on this issue were credible enough, and the evidence weighty enough, to support a conviction on each count.

### III. PEYKETEWA AND MCCASKILL'S TESTIMONY CONCERNING LAMY'S PRIOR ACTS DOES NOT WARRANT A NEW TRIAL.

Lamy requests a new trial, because Peyketewa and McCaskill referred, in passing, to Lamy's prior criminal history at trial. See Motion for New Trial at 2. During direct examination, Peyketewa testified:

> Q. Now, after interviewing Donovan Neha, who else did you talk to on the 19th of June, 2002?
>
> A. I met -- made contact with Dion Lamy.
>
> Q. Where did you find Mr. Lamy?
>
> A. I attempted to find him down there in the area by where Donovan resides, but he wasn't located. I later located him in the Black Rock area. He was doing his community service work at the time.

Transcript of Trial at 14:21-15:3 (taken November 29, 2005). Also, McCaskill described the initial group of people he wanted to interview as part of the investigation:

> Amongst those people were Dion Lamy and Donovan Neha, both -- Well, I'm sorry. Dion -- I had met with him on prior occasions, and my partner, Steve Chambers, knew about that contact, and we both thought it would be a good idea for me to go down and do some of these interviews with him, given that I knew Dion from previous occasions.

Id. at 35:8-13.

The Court concludes that the degree of prejudice that Lamy suffered, if any, from these statements does not demand a new trial. First, McCaskill's statement implies, at most, that he had previous contact with Lamy; it does not even hint at the purpose of those encounters. For all the jury

-4-

knew, McCaskill had met Lamy on social occasions in the community, or had met him while investigating someone other than Lamy. As for Peyketewa's comment, she does not explain why Lamy performed community service and does not shed light on the nature or severity of any crime that Lamy may have committed in the past. Compared with the evidence of Lamy's guilt that the United States introduced at trial, the prejudice that Lamy may have suffered from these two fleeting comments is minimal. As a result, the Court will not disturb the verdict on this ground.

## IV.  MCCASKILL'S TESTIMONY THAT NEHA'S STATEMENT HAD BEEN ALTERED DOES NOT WARRANT A NEW TRIAL.

During the FBI's investigation of the victim's allegations, McCaskill obtained incriminating statements from Neha and Lamy, which the United States sought to introduce at trial. Before trial, the Court ruled that the United States could introduce these statements at trial, provided that the United States redacted the statements to remove each defendant's references to his co-defendant. See Order at 3-4, filed November 22, 2005 (Doc. 233). Excising these portions of each statement brought their introduction into compliance with Gray v. Maryland, 523 U.S. 185, 192 (1998)("Redactions that simply replace a name with an obvious blank space or a word such as 'deleted' or a symbol or other similarly obvious indications of alteration, however, leave statements that, considered as a class, so closely resemble Bruton's unredacted statements that, in our view, the law must require the same result.").

At trial, the United States attempted to introduce Neha's statement through McCaskill's testimony:

> Q.  Let me hand you what's been marked as Government's Exhibit 9B. Can you identify that?
>
> A.  This is a typewritten version of the statement that Mr. Neha handwrote. There

>    are a couple of -- There were a few words that do not appear in this particular version
>    of it because of legal things that have gone on -- in this case.
>
>    Q.  By this Court?
>
>    A.  Yes.

Transcript of Trial at 44:24-45:6 (taken November 29, 2005).  The Defendants immediately objected to McCaskill's reference to the redactions, and the Court ruled that the United States could not introduce the statement in the wake of McCaskill's testimony.  See id. at 45:7-47:6, 49:18-21.  The Court told the jury to disregard McCaskill's statement.  See id. at 45:8-9.

   Lamy contends that McCaskill's statement, in crossing the line that Bruton v. United States, 391 U.S. 123 (1968) and Gray v. Maryland, 523 U.S. 185 (1998) drew, requires a new trial.  See Motion for New Trial at 2.  A Bruton violation, however, occurs only when the statement of one defendant, which implicates his co-defendant, is *introduced* at trial in unredacted form or with obvious indications of alteration.  See United States v. Verduzco-Martinez, 186 F.3d 1208, 1212 (10th Cir. 1999)("In Bruton v. United States . . . the Supreme Court held that the Sixth Amendment right to confront adverse witnesses is violated if the defendant's non-testifying codefendant makes an extrajudicial confession that implicates the defendant *and the Government introduces the confession into evidence at their joint trial*, even if the jury is instructed to consider the confession only against the codefendant." (emphasis added)(citation omitted)).  In this case, the Court precluded the United States from introducing the statement, because McCaskill's testimony caused Neha's statement to potentially run afoul of the Sixth Amendment.  See Transcript of Trial at 49:18-21.  As a result, no Sixth Amendment violation occurred because the United States did not introduce at trial an obviously redacted statement.

Second, while McCaskill's statement informed the jury that Neha's statement had been altered, it did not illuminate for the jury how it had been altered. The jury did not learn anything about the alteration except that it had occurred and that a few words were missing; from McCaskill's testimony, the jury could not have surmised that the statement had been altered to remove references to Lamy within the statement. These facts remove this case from Gray v. Maryland, where a jury could easily have concluded that a defendant's statement inculpated his co-defendant because the term "deleted" was used in place of the co-defendant's name. 523 U.S. at 192. Even with McCaskill's testimony, Neha's statement did not refer directly or indirectly to Lamy at all. As such, the core interest of the Bruton/Gray line of cases – preventing a non-testifying defendant's statement from being used against his co-defendant – did not come into play in this case.

Finally, the weight of the evidence against Lamy outbalances, by a wide margin, whatever minimal prejudice that Lamy may have suffered. The testimony of Tsethlakai, Cheama, and the victim, among others, sufficiently established Lamy's guilt without need of Neha's statement. To overturn the convictions and order a new trial, because of an isolated comment concerning a piece of evidence that the United States never introduced, would not be in the interest of justice in light of the amount of evidence produced at trial.

### V. THE COURT WILL NOT RECONSIDER ITS PRIOR RULINGS ON LAMY'S MOTION TO SUPPRESS AND THE RES GESTAE EVIDENCE.

Lamy requests that the Court reconsider its rulings denying Lamy's motion to suppress and allowing the United States to introduce res gestae evidence. Nothing that occurred during trial has altered the Court's conclusion that both rulings were correct. While it became clear during trial, as it had not been at the suppression hearing, that Lamy had been Mirandized only once during his two

interviews with the FBI, for the reasons in the Court's Memorandum Opinion and Order, filed June 26, 2006 (Doc. 329), the Court affirms its original decision.

**IT IS ORDERED** that Defendant Lamy's Motion for New Trial is denied.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

David C. Iglesias
  United States Attorney for the District of
    New Mexico
Stan Whitaker
Fred C. Smith
  Assistant United States Attorneys
    for the District of New Mexico
Albuquerque, New Mexico

   *Attorneys for the Plaintiff*

Jason Bowles
B.J. Crow
Bowles and Crow
Albuquerque, New Mexico

   *Attorneys for Defendant Donovan Jones Neha*

John F. Moon Samore
Albuquerque, New Mexico

   *Attorney for Defendant Dion Lamy*