# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,

vs.                                              No. CR 04-1677 JB

DONOVAN JONES NEHA,

       Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on: (i) Defendant Donovan Neha's Formal Objections to Presentence Report, filed March 6, 2006 (Doc. 301); (ii) United States' Motion for Upward Departure, filed March 16, 2006 (Doc. 302)("Motion for Upward Departure"); and (iii) Donovan Neha's Sentencing Memorandum, Formal Objections and Opposition to Upward Departure, filed June 21, 2006 (Doc. 327)("Neha's Sentencing Memorandum").  The Court held a sentencing hearing on the objections and motions on June 26, 2006.  The primary issues are: (i) whether Neha's base offense level should be enhanced two levels because the victim sustained serious bodily injuries; (ii) whether Neha is entitled to an application of a minor-role adjustment; (iii) whether Neha should receive an enhancement under the grouping rules; and (iv) whether the circumstances justify an upward departure from the United States Sentencing Guidelines' recommended sentence.  For the reasons given on the record at the sentencing hearing, and for reasons consistent therewith, the Court will sustain Neha's objections to the two-level enhancement for serious bodily injury and to a three-level enhancement in his base offense level under the Guidelines' grouping rules; overrule his objection to the United States Probation Office's ("USPO")

failure to assign him a minor-role adjustment in the Presentence Investigation Report ("PSR") prepared in this matter; and deny the United States' motion for an upward departure

## PROCEDURAL HISTORY

On February 25, 2005 a grand jury returned a Superceding Indictment charging Neha with three counts of criminal sexual abuse in violation of 18 U.S.C. §§ 1153 and 2242(2)(B), two counts of assault in violation of 18 U.S.C. §§ 1153 and 113(a)(4), and two counts of abusive sexual contact in violation of 18 U.S.C. §§ 1153 and 2244(a)(2). See Superseding Indictment, filed February 25, 2005 (Doc. 65). The Court held a jury trial from November 28, 2005 through December 1, 2005. See Clerk's Minutes, filed November 28, 2005 (Doc. 277). A jury returned a verdict finding Neha guilty of criminal sexual abuse as charged in Counts one, two, and three of the Superseding Indictment on December 1, 2005. See Verdict, filed December 1, 2005 (Doc. 266).

## ANALYSIS

### 1.    Serious Bodily Injury Enhancement.

The PSR that the USPO prepared in this matter states that Neha is subject to a two-level enhancement in his base offense level, pursuant to U.S.S.G. § 2A3.1(b)(4)(B), because the victim sustained serious bodily injury. See PSR ¶ 44, at 12. The United States asserts that the two-level increase is warranted because the victim complained of pain in her anal and vaginal areas, and continues to experience vaginal discharge. See Transcript at 12:17-21 (Whitaker)(taken June 26, 2006)("Transcript").[1] Neha objects to the enhancement, arguing that the guidelines already account for "serious bodily injury" in the computation of the base offense level for criminal sexual abuse.

---

[1]The Court's citations to the transcript of the hearing refer to the Court Reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

Under the Sentencing Guidelines, "'serious bodily injury' means injury involving extreme physical pain or the protracted impairment of a function of a bodily member, organ, or mental faculty; or requiring medical intervention such as surgery, hospitalization, or physical rehabilitation." U.S.S.G. § 1B1.1 cmt. n.1(L).  The application notes to U.S.S.G. § 1B1.1 address sexual assault cases and note that "serious bodily injury" is deemed to occur if the offense involved conduct constituting criminal sexual abuse under 18 U.S.C. § 2242.  See id.  In sexual assault cases, "serious bodily injury" refers to "conduct other than criminal sexual abuse, which already is taken into account in the base offense level."  U.S.S.G. § 2A3.1 cmt. n.1.  See United States v. Guy, 282 F.3d 991, 996 (8th Cir. 2002)(finding serious bodily injury enhancement provision is inapplicable to defendants convicted for criminal sexual abuse).

The Court acknowledges that soreness in the vaginal and anal areas could result from conduct separate from that which constitutes criminal sexual abuse and therefore constitute serious bodily injury under U.S.S.G. § 2A3.1(b)(4)(B).  The Court does not believe, however, that based on the evidence in this case, it can, as it must, separate the criminal sexual abuse and the conduct that caused serious bodily injury.  The United States has not proven by a preponderance of the evidence that the actions constituting the criminal sexual abuse are distinct from those that caused any serious bodily injury, and the Court will therefore sustain Neha's objection to the two-level enhancement in his base offense level.

**2.      Minor-Participant Adjustment.**

Neha notes that, with respect to his convictions for Counts II and III of the Indictment, "involving the conduct of others inserting objects into Rhonda Dosedo and sexually assaulting her," he was found guilty of aiding and abetting those offenses.  Neha's Sentencing Memorandum at 1.

Neha argues that, because he was not convicted as a principal on these counts, he should be designated as a minor participant, and is therefore entitled to have his offense level reduced by two levels pursuant to U.S.S.G. § 3B1.2(b).  See Neha's Sentencing Memorandum at 1-2.

The Sentencing Guidelines recommend that, "[i]f the defendant was a minor participant in any criminal activity," the Court should decrease his offense level by two levels.  U.S.S.G. § 3B1.2(b).  For U.S.S.G. § 3B1.2(b) to be applicable, the defendant must "play[] a part in committing the offense that makes him substantially less culpable than the average participant."  U.S.S.G. § 3B1.2(b) cmt. n.3(A).

The Court recognizes that, in this case, which involved multiple defendants and various forms of abusive conduct, it is difficult to determine who the average participant is.  It may very well be that Neha, himself, is the average participant.  In any case, considering all of Neha's relevant conduct, the Court cannot say that he is substantially less culpable than the other co-defendants.  The Court does not believe that Neha was a minor player in the overall criminal enterprise, or substantially less culpable than the other individuals who participated in the offensive conduct.  Neha was not a minor participant in the criminal activity, and the Court will not grant the two-level reduction he requests.

      **3.**      **<u>Grouping Adjustment</u>.**

The USPO's PSR states that Neha is subject to a three-level enhancement, pursuant to U.S.S.G. § 3D1.4, resulting from his conviction on multiple counts.  Neha argues that his convictions should be grouped together into a single charge, and that the multiple-counts enhancement not be applied, because the "counts involve the same victim and two or more acts or transactions connected by a common criminal objective or constituting part of a common scheme or plan."  U.S.S.G. §

-4-

3D1.2(b).  <u>See</u> Neha's Sentencing Memorandum at 4.

The Court believes that U.S.S.G. § 3D1.2(b)'s plain language encompasses this case's circumstances.  Furthermore, because the evidence with regard to the timing of the events relevant to this case makes it difficult to determine whether the charges occurred within enough temporal proximity of each other that they should be grouped, the Court cannot find by a preponderance of the evidence that any of the charged conduct falls outside of U.S.S.G. § 3D1.2(b).  The Court will sustain Neha's objection to the lack of grouping and finds the three-level enhancement which U.S.S.G. § 3D1.4 implicates is inapplicable.

**4.     Upward Departure.**

The United States argues that "[t]he unique circumstances surrounding the commission of the crimes as well as the fact that [Neha's] behavior was degrading and humiliating to the victim, support a higher adjusted offense level than that calculated in the [PSR]."  Motion for Upward Departure at 1.  The United States contends that U.S.S.G. §§ 5K2.8 and 5K2.21 justify an upward departure under the guidelines.  <u>See</u> U.S.S.G. § 5K2.8 (permitting the court to increase the sentence above the guideline range to reflect conduct "unusually heinous, cruel, brutal, or degrading to the victim"); U.S.S.G. §§ 5K2.21 (permitting the court to increase the sentence above the guideline range to reflect the seriousness of the offense based on conduct dismissed or uncharged as part of a plea agreement or for any other reason).

Although the Court is inclined to believe that this case is one in which it is authorized to depart from the sentence that the guidelines recommend, it need not decide that issue.  Even if this is a case in which a departure is authorized, the Court will exercise its discretion not to depart.  The conduct for which Neha has been convicted is deplorable, but the Court cannot say that it is more

extreme or heinous than many other sexual assault cases.  Unfortunately, the Court sees many similar cases, and is unable to qualitatively distinguish the facts of Neha's case from others that come before the federal judges in this district, and more important, which come before federal courts across the nation.  Moreover, the Court believes that the sentencing guidelines account for many of the complicating factors in this case, including a vulnerable victim, grouping categories, role adjustments, and serious bodily injury.  This case falls within the heartland of cases, and the Court will exercise its discretion not to depart from the sentence range the guidelines recommend.

**IT IS ORDERED** that Neha's objection to a two-level enhancement in his base offense level pursuant to U.S.S.G. § 2A3.1(b)(4)(B) is sustained.  Neha's request for a two-level reduction in his base level pursuant to U.S.S.G. § 3B1.2(b) is denied.  Neha's objection to a three-level enhancement in his base offense level pursuant to U.S.S.G. § 3D1.4 is sustained.  The United States' Motion for Upward Departure is denied.

As to counts one, two, and three of the redacted Superceding Indictment, the Defendant is committed to the custody of the Bureau of Prisons for a term of ninety-seven months -- said terms to run concurrently.  The Defendant is placed on supervised release for a term of three years as to each count -- said terms to run concurrently.  The Court will recommend that the Defendant be allowed to participate in the  Bureau of Prisons' 500 hour drug and alcohol treatment program.  The Defendant must comply with the following mandatory and standard conditions of supervised release: (i) the Defendant will submit to DNA collection in compliance with the statutory requirements while incarcerated or at the direction of the USPO; (ii) the Defendant shall register with the state sex offender registration agency in the state where he resides, works, or is a student as the USPO directs; (iii) the Defendant shall not possess, have under his control, or have access to any firearm, explosive

device, or other dangerous weapon as defined by federal, state, or local law. The Defendant must also comply with the following special conditions: (i) the Defendant must participate in and successfully complete a substance abuse treatment program, which may include drug testing, outpatient counseling, or residential placement, and the Defendant may be required to pay a portion of the cost of treatment and/or drug testing as the USPO determines; (ii) the Defendant must refrain from the use and possession of alcohol and other forms of intoxicants, and must not frequent places where alcohol is the primary item for sale; (iii) the Defendant must submit to a search of his person, property, and/or automobile under his control, and must inform any co-residents of his premises of these conditions in order to ensure compliance with all conditions; (iv) the Defendant must participate in and successfully complete a mental health treatment program, which may include outpatient counseling, residential placement, or prescribed medication that the USPO approves, and the Defendant may be required to pay a portion of the cost of this treatment; (v) the Defendant will have no contact with the victim at any time; (vi) the Defendant must participate in sex offender treatment and submit to risk assessment testing, clinical polygraph testing, and other specific sex offender tests as the USPO directs, and the defendant may be required to pay a portion of the cost of treatment; (vii) the Defendant will grant a limited waiver of his right of confidentiality in any records of mental health treatment imposed as a consequence of this judgment and allow the treatment provider to provide information to the USPO and sign all necessary releases to enable the USPO to monitor the Defendant's progress; and (viii) the Defendant must not enter the premises or loiter near the victim's residence except when the USPO gives advance approval in writing. The Defendant shall pay a special assessment of $100.00 as to each count of conviction for a total of $300.00 which is due immediately. The Court will recommend that the Defendant be incarcerated

at Safford, Arizona.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

David Iglesias
   United States Attorney
Fred C. Smith
Stan Whitaker
   Assistant United States Attorneys
Albuquerque, New Mexico

      *Attorneys for the Plaintiff*

Jason Bowles
B.J. Crow
Sharp & Bowles, P.A.
Albuquerque, New Mexico

      *Attorneys for Defendant Donovan Jones Neha*